MICHAEL A. SLATER (SBN 318899)
**THE SLATER LAW FIRM, APC**
1900 Avenue of the Stars, 17th Floor
Los Angeles, California 90067
Email: mslater@theslaterlawfirmapc.com
Tel: (818) 697-3051

Attorneys for Plaintiff,
BIANCA VALENZUELA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIANCA VALENZUELA, an individual;<br><br>Plaintiff,<br><br>v.<br><br>CITY OF RIALTO, a California public entity; OFFICER MATTHEWS (First Name Unknown), individually and in his capacity as a City of Rialto Police Officer; OFFICER LAMM (First Name Unknown), individually and in his capacity as a City of Rialto Police Officer; and DOES 1-25, inclusive.<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>(1) Excessive Force in violation of the Fourth Amendment (42 U.S.C. § 1983)<br><br>(2) Violation of the Tom Bane Civil Rights Act (Cal. Civ. Code § 52.1)<br><br>(3) Battery<br><br>(4) Negligence<br><br>(5) Failure to Intervene (42 U.S.C. § 1983)<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT FOR DAMAGES

Plaintiff Bianca Valenzuela, for her Complaint for damages against Defendants City of Rialto, First Name Unknown Officer Matthews, First Name Unknown Officer Lamm, and DOES 1 through 25, inclusive (collectively, "Defendants"), alleges as follows:

## THE PARTIES

1. Plaintiff Bianca Valenzuela ("Plaintiff") is a competent adult, a citizen of the United States and a resident of the State of California.

2. Defendant City of Rialto is a California public entity duly authorized and existing as such in and under the laws of the State of California. The City of Rialto manages and operates the City of Rialto Police Department.

3. Defendant First Name Unknown Officer Matthews ("Defendant Officer Matthews") is an individual who, at the times of the violations of law alleged herein, was employed as a police officer by the City of Rialto. At the time of the violations of law alleged herein, Defendant Officer Matthews was acting within the course and scope of his employment with the City of Rialto. Parole Agent Matthews is being sued in his individual capacity and in his capacity as a City of Rialto police officer.

4. Defendant First Name Unknown Officer Lamm ("Defendant Officer Lamm") is an individual who, at the times of the violations of law alleged herein, was employed as a police officer by the City of Rialto. At the time of the violations of law alleged herein, Defendant Officer Lamm was acting within the course and scope of his employment with the City of Rialto. Parole Agent Lamm is being sued in his individual capacity and in his capacity as a City of Rialto police officer.

5. Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 25 and, therefore, sue the DOE Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE Defendants when ascertained. Plaintiff believes and alleges that each of the DOE Defendants is legally responsible and liable for the incident, injuries, and damages

hereinafter set forth. Each of the DOE Defendants proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, and violation of public policy. Each of the DOE Defendants is liable for their personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care, or control or upon any other act or omission.

6. At the time of the violations of law alleged herein, each Defendant, including those fictitiously named, was the agent, employee and servant of the City of Rialto; and, in doing the things alleged in this Complaint, each Defendant was acting within the course and scope of said agency and employment.

## JURISDICTION & VENUE

7. This Court has original jurisdiction over Plaintiff's federal law claims under 28 U.S.C. sections 1331 [federal question jurisdiction] and 1343(a)(3) [federal civil rights jurisdiction]. All claims for violations of Plaintiff's rights under the United States Constitution are brought pursuant to 42 U.S.C. section 1983. This Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. section 1367.

8. Venue is proper in this judicial district under 28 U.S.C. section 1391(b)(2), because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district.

9. Pursuant to the California Tort Claims Act, Plaintiff presented a tort claim to the City of Rialto within six months of the violations of law alleged herein, which the City of Rialto thereafter rejected.

## FACTUAL ALLEGATIONS

10. On May 15, 2022, at approximately 2:00 a.m., Bianca Valenzuela ("Plaintiff") was in a vehicle ("Plaintiff's Vehicle") being driven by her sister, Jackie Valenzuela ("Plaintiff's Sister"), near the intersection of Norther Sycamore Avenue and East Foothill Boulevard (the "Subject Intersection") when Defendant Officer Matthews and Defendant Officer Lamm activated their respective patrol vehicles' sirens behind

Plaintiff's Vehicle. (Defendant Officer Matthews' patrol vehicle will be referred to hereafter as "Defendant Officer Matthews' Patrol Vehicle." Defendant Officer Lamm's patrol vehicle will be referred to hereafter as "Defendant Officer Lamm's Patrol Vehicle.")

11. Plaintiff's Sister immediately pulled over and stopped Plaintiff's Vehicle on the side of the road near the Subject Intersection. Plaintiff's Sister did not possess her driver's license. Out of sheer panic, Plaintiff and Plaintiff's Sister switched seats so that Plaintiff was in the driver's seat of Plaintiff's Vehicle.

12. Soon thereafter, Defendant Officer Matthews exited his Patrol Vehicle and approached Plaintiff's Vehicle. Defendant Officer Matthews asked for Plaintiff's driver's license, which Plaintiff gave to Defendant Officer Matthews.

13. Defendant Officer Matthews then returned to his Patrol Vehicle presumably to run a check on Plaintiff's information.

14. Defendant Officer Matthews thereafter re-approached Plaintiff's Vehicle and told Plaintiff: "Nice try, but I saw you both switch seats." In response, Plaintiff apologized and indicated that her sister did not have her driver's license and that they switched seats because they had panicked.

15. Defendant Officer Matthews ordered Plaintiff to exit Plaintiff's Vehicle, which Plaintiff did without incident. Defendant Officer Matthews then placed Plaintiff in handcuffs, told Plaintiff he was going to detain Plaintiff, and escorted Plaintiff to and placed Plaintiff in the rear-seat-area of Defendant Officer Matthews' Patrol Vehicle. Plaintiff complied without incident.

16. While Plaintiff was inside Defendant Officer Matthews' Patrol Vehicle, Defendant Officer Matthews returned to Plaintiff's Vehicle; spoke with and performed a field sobriety test on Plaintiff's Sister; and then arrested Plaintiff's Sister. Defendant Officer Matthews thereafter escorted and placed Plaintiff's Sister in the rear-seat-area of his Patrol Vehicle together with Plaintiff.

17. During the foregoing events, two (2) additional City of Rialto police officers—whose identities are presently unknown to Plaintiff—arrived at the Subject Intersection. (Defendant Officer Matthews, Defendant Officer Lamm and the two other officers who responded will be collectively referred to hereafter as the "Responding Officers."

18. As Plaintiff and Plaintiff's Sister were sitting handcuffed in the rear-seat-area of Defendant Officer Matthews' Police Vehicle, Plaintiff's Sister (who has Lupus[1] and Epilepsy[2]) began having a seizure.

19. Scared and unable to help Plaintiff's Sister because they were both in handcuffs, Plaintiff began screaming and banging on Defendant Officer Matthews' Patrol Vehicle door and window in an effort to get the Responding Officers' attention, so that one of them could help Plaintiff's Sister and call for emergency medical care.

20. Eventually, the Responding Officers responded to Defendant Officer Matthews' Patrol Vehicle and Plaintiff pleaded with them that Plaintiff's Sister needed emergency medical care. To Plaintiff's shock, however, none of the Responding Officers offered or Plaintiff's sister—who was still in the grips of a seizure—with any help. Instead, Defendant Officer Lamm indicated with indifference: "Oh, she's faking it."

21. When Plaintiff explained to the Responding Officers that Plaintiff's Sister was not "faking it," that Plaintiff's Sister had Lupus and, therefore, that this was a life-threatening medical emergency, Defendant Officer Lamm again dismissed Plaintiff's alarm and pleas for help. When Plaintiff continued pleading with the Responding Officers, Defendant Officer Lamm told Plaintiff to "shut the fuck up, bitch."

22. Defendant Officer Matthews then directed Defendant Officer Lamm to take Plaintiff to Defendant Officer Lamm's Patrol Vehicle. Defendant Officer Lamm

---

[1] Lupus is a disease that occurs when your body's immune system attacks your own tissues and organs (autoimmune disease).

[2] Epilepsy is a neurological disorder that causes seizures or unusual sensations and behaviors.

(who was and appeared visibly frustrated and annoyed with Plaintiff), opened the door of Defendant Officer Matthew's Patrol Vehicle where Plaintiff was sitting. Defendant Officer Lamm proceeded to grab Plaintiff (who remained handcuffed) tightly by her arm, abruptly lift Plaintiff and then forcefully pull and drag Plaintiff out of and away from Defendant Officer Matthew's Patrol Vehicle. (The "Subject Removal.")

23. Immediately thereafter, while en route to Defendant Officer Lamm's Patrol Vehicle, Defendant Officer Lamm grabbed the nape of Plaintiff's neck and forcefully slammed Plaintiff to the concrete ground, causing Plaintiff's face to smash into the concrete ground. (The "Subject Takedown.) (Collectively, the Subject Removal and Subject Takedown will be referred to herein collectively as the "Subject Uses of Force.")

24. Defendant Officer Matthews could have but did nothing to intervene with Defendant Officer Lamm's Subject Takedown, which was itself precipitated by the unnecessarily aggressive and forceful Subject Removal.

(The events described in Paragraphs 10 through 24 will be referred to collectively herein as the "Subject Incident.")

25. As a direct and proximate result of the Subject Uses of Force, Plaintiff suffered physical injuries (including lacerations and bruising) to her face, eye, and knee. Also as a direct and proximate result of the Subject Uses of Force, Plaintiff suffered and continues to suffer from headaches. Also as a direct and proximate result of the Subject Uses of Force, Plaintiff suffered and continues to suffer emotional distress, pain, suffering and humiliation.

## FIRST CLAIM FOR RELIEF

**Excessive Force in violation of the Fourth Amendment (42 U.S.C. § 1983)**

**(Against Defendant FNU Officer Lamm & DOES 1 through 25)**

26. Plaintiff incorporates all the foregoing allegation of this Complaint as though fully set forth herein.

27. The Subject Uses of Force employed by Defendant Officer Lamm against Plaintiff were not objectively reasonable in light of the facts and circumstances confronting Officer Lamm and the rest of the Responding Officers.

28. Specifically, Defendant Officer Lamm removed Plaintiff from Defendant Officer Matthews' Patrol Car by grabbing Plaintiff tightly by her arm, abruptly lifting Plaintiff and then forcefully pulling and dragging Plaintiff out of and away from Defendant Officer Matthew's Patrol Vehicle.

29. Immediately thereafter, while en route to Defendant Officer Lamm's Patrol Vehicle, Defendant Officer Lamm grabbed the nape of Plaintiff's neck and forcefully slammed Plaintiff to the concrete ground, causing Plaintiff's face to smash into the concrete ground.

30. The Subject Uses of Force employed by Defendant Officer Lamm against Plaintiff were egregious, outrageous and shock the conscience; and/or were committed with oppression and/or malice; and/or were despicable and perpetrated with a willful and conscious disregard for Plaintiff's safety and wellbeing.

31. The Subject Uses of Force employed by Defendant Officer Lamm against Plaintiff were extreme.

32. The government interests at stake in the use of force when the Subject Uses of Force were employed were minimal, at best. Plaintiff did not pose an immediate threat to the safety of Defendants or others. Plaintiff was not actively resisting arrest or attempting to evade arrest by flight. The only immediate emergency with which Defendants were confronted during the Subject Incident was Plaintiff's Sister's seizures and the medical implications of failing to summon medical care.

33. The Subject Uses of Force employed by Defendant Officer Lamm against Plaintiff were excessive, because they was not objectively reasonable in light of the facts and circumstances confronting Defendants.

34. As a direct and proximate result of the Subject Uses of Force employed by Defendant Officer Lamm against Plaintiff, Plaintiff suffered physical injuries (including

lacerations and bruising) to her face, eye, and knee. Also as a result of the Subject Uses of Force, Plaintiff suffered and continues to suffer from headaches. Also as a result of the Subject Uses of Force, Plaintiff suffered and continues to suffer emotional distress, pain, suffering and humiliation.

## SECOND CLAIM FOR RELIEF

### Violation of the Tom Bane Civil Rights Act (Cal. Civ. Code § 52.1)

### (Against Defendant FNU Officer Lamm & DOES 1 through 25)

35. Plaintiff incorporates all the foregoing allegation of this Complaint as though fully set forth herein.

36. The Subject Uses of Force employed by Defendant Officer Lamm against Plaintiff demonstrate Defendant Officer Lamm's specific intent to violate Plaintiff's Fourth Amendment right to be free from their excessive force. Indeed, Defendant Officer Lamm's demeanor and tone towards Plaintiff were that of impatience and annoyance—not alarm.

37. The Subject Uses of Force employed by Defendant Officer Lamm against Plaintiff were egregious, outrageous and shock the conscience; and/or were committed with oppression and/or malice; and/or were despicable and perpetrated with a willful and conscious disregard for Plaintiff's safety and wellbeing.

38. As a direct and proximate result of the Subject Uses of Force, Plaintiff suffered physical injuries (including lacerations and bruising) to her face, eye, and knee. Also as a result of the Subject Uses of Force, Plaintiff suffered and continues to suffer from headaches. Also as a result of the Subject Uses of Force, Plaintiff suffered and continues to suffer emotional distress, pain, suffering and humiliation.

39. Defendant Officer Lamm's conduct described herein were committed within the scope of their employment with the City of Rialto. The City of Rialto is vicariously liable for state law torts committed by Officer Lamm, including Officer Lamm's violation of the Tom Bane Civil Rights Act as described herein, pursuant to California Government Code section 815.2(a).

# THIRD CLAIM FOR RELIEF

## Battery

### (Against Defendant FNU Officer Lamm & DOES 1 through 25)

40. Plaintiff incorporates all the foregoing allegation of this Complaint as though fully set forth herein.

41. The Subject Uses of Force employed by Defendant Officer Lamm against Plaintiff were not objectively reasonable in light of the facts and circumstances confronting Officer Lamm and the rest of the Responding Officers.

42. Specifically, Defendant Officer Lamm removed Plaintiff from Defendant Officer Matthews' Patrol Car by grabbing Plaintiff tightly by her arm, abruptly lifting Plaintiff and then forcefully pulling and dragging Plaintiff out of and away from Defendant Officer Matthew's Patrol Vehicle.

43. Immediately thereafter, while en route to Defendant Officer Lamm's Patrol Vehicle, Defendant Officer Lamm grabbed the nape of Plaintiff's neck and forcefully slammed Plaintiff to the concrete ground, causing Plaintiff's face to smash into the concrete ground.

44. The Subject Uses of Force employed by Defendant Officer Lamm against Plaintiff were intentional and meant to harm or offend Plaintiff.

45. Plaintiff did not consent to the Subject Uses of Force employed by Defendant Officer Lamm against Plaintiff.

46. A reasonable person in Plaintiff's position would have been offended by the Subject Uses of Force employed by Defendant Officer Lamm against Plaintiff.

47. As a direct and proximate result of the Subject Uses of Force employed by Defendant Officer Lamm against Plaintiff, Plaintiff suffered physical injuries (including lacerations and bruising) to her face, eye, and knee. Also as a result of the Subject Uses of Force, Plaintiff suffered and continues to suffer from headaches. Also as a result of the Subject Uses of Force, Plaintiff suffered and continues to suffer emotional distress, pain, suffering and humiliation.

48. Defendant Officer Lamm's conduct described herein were committed within the scope of their employment with the City of Rialto. The City of Rialto is vicariously liable for state law torts committed by Officer Lamm, including Officer Lamm's battery against Plaintiff, pursuant to California Government Code section 815.2(a).

### FOURTH CLAIM FOR RELIEF

### Negligence

### (Against Defendant FNU Officer Lamm & DOES 1 through 25)

49. Plaintiff incorporates all the foregoing allegation of this Complaint as though fully set forth herein.

50. Defendant Officer Lamm had a duty to exercise reasonable care when he confronted and used force against Plaintiff at the Subject Intersection. Defendant Officer Lamm violated said duty when he employed the Subject Uses of Force against Plaintiff in violation of Plaintiff's Fourth Amendment right to be free from excessive force.

51. As a proximate result of Defendant Officer Lamm's breach of his duty of care to Plaintiff as described herein, Plaintiff suffered physical injuries (including lacerations and bruising) to her face, eye, and knee; suffered and continues to suffer from headaches; and suffered and continues to suffer emotional distress, pain, suffering and humiliation.

52. Defendant Officer Lamm's conduct described herein were committed within the scope of their employment with the City of Rialto. The City of Rialto is vicariously liable for state law torts committed by Officer Lamm, including Officer Lamm's negligent conduct against Plaintiff, pursuant to California Government Code section 815.2(a).

/ / /

/ / /

# FIFTH CLAIM FOR RELIEF

## Failure to Intervene in violation of the Fourth Amendment (42 U.S.C. § 1983)

### (Against Defendant FNU Matthews and DOES 1 through 25)

53. Plaintiff incorporates all the foregoing allegation of this Complaint as though fully set forth herein.

54. Defendant Officer Matthews had a duty to intervene when Defendant Officer Lamm used excessive force against Plaintiff in violation of the Fourth Amendment.

55. Defendant Officer Matthews had the opportunity to intercede but failed to take reasonable steps to protect Plaintiff against Officer Lamm's use of excessive force.

56. After Plaintiff had already been secured in Defendant Officer Matthews' Patrol Vehicle, Defendant Officer Matthews directed Defendant Officer Lamm to take Plaintiff to Defendant Officer Lamm's Patrol Vehicle.

57. Defendant Officer Lamm (who was and appeared visibly frustrated and annoyed with Plaintiff), opened the door of Defendant Officer Matthew's Patrol Vehicle where Plaintiff was sitting. Defendant Officer Lamm proceeded to grab Plaintiff (who remained handcuffed) tightly by her arm, abruptly lift Plaintiff and then forcefully pull and drag Plaintiff out of and away from Defendant Officer Matthew's Patrol Vehicle.

58. Immediately thereafter, while en route to Defendant Officer Lamm's Patrol Vehicle, Defendant Officer Lamm grabbed the nape of Plaintiff's neck and forcefully slammed Plaintiff to the concrete ground, causing Plaintiff's face to smash into the concrete ground.

59. Defendant Officer Matthews could have but did nothing to intervene with the Subject Uses of Force employed by Defendant Officer Lamm against Plaintiff—which did not occur all at once. The Subject Takedown was itself precipitated by the unnecessarily aggressive and forceful Subject Removal.

60. As a direct and proximate result of Defendant Officer Matthews' failure to intervene when Defendant Officer Lamm used excessive force against Plaintiff in

violation of the Fourth Amendment, Defendant Officer Lamm was able to and, indeed did, use excessive force against Plaintiff.

61. As a direct and proximate result of Defendant Officer Matthews' failure to intervene when Defendant Officer Lamm used excessive force against Plaintiff in violation of the Fourth Amendment: Plaintiff suffered physical injuries (including lacerations and bruising) to her face, eye, and knee; suffered and continues to suffer from headaches; and suffered and continues to suffer emotional distress, pain, suffering and humiliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Bianca Valenzuela prays for judgment against Defendants City of Rialto, First Name Unknown Officer Matthews, First Name Unknown Officer Lamm, and DOES 1 through 25, inclusive, as to each claim for relief as follows:

**AS TO PLAINTIFF'S FIRST CLAIM FOR RELIEF (**Excessive Force in violation of the Fourth Amendment):
1. For actual and special damages according to proof at trial;
2. For punitive and exemplary damages;
3. For reasonable attorneys' fees pursuant to 42 U.S.C. section 1988(b);
4. For costs pursuant to Federal Rule of Civil Procedure section 54(d); and
5. For such other relief as the Court deems just and proper.

**AS TO PLAINTIFF'S SECOND CLAIM FOR RELIEF** (for Violation of the Tom Bane Civil Rights Act):
1. For three times actual damages according to proof at trial but no less than the statutory minimum;
2. For punitive and exemplary damages;
3. For reasonable attorneys' fees pursuant to California Civil Code section 52.1;
4. For such other relief as the Court deems just and proper.

**AS TO PLAINTIFF'S THIRD CLAIM FOR RELIEF** (for Battery)
1. For actual and special damages according to proof at trial;
2. For punitive and exemplary damages; and

3. For such other relief as the Court deems just and proper.

**AS TO PLAINTIFF'S FOURTH CLAIM FOR RELIEF** (for Negligence):
1. For actual and special damages according to proof at trial;
2. For punitive and exemplary damages; and
3. For such other relief as the Court deems just and proper.

**AS TO PLAINTIFF'S FIFTH CLAIM FOR RELIEF (**Failure to Intervene in violation of the Fourteenth Amendment):
1. For actual and special damages according to proof at trial;
2. For punitive and exemplary damages;
3. For reasonable attorneys' fees pursuant to 42 U.S.C. section 1988(b);
4. For costs pursuant to Federal Rule of Civil Procedure section 54(d); and
5. For such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial before a jury on all triable issues presented in this Complaint.

Dated:  May 17, 2023                    **THE SLATER LAW FIRM, APC**

                                        By:  */s/ Michael A. Slater*
                                            MICHAEL A. SLATER
                                            Counsel for Plaintiff,
                                            BIANCA VALENZUELA